IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:20-CV-00169-KDB-DCK

| | |
|---|---|
| JANICE E. LEATHERMAN,<br><br>Plaintiff,<br><br>v.<br><br>BELK, INC.,<br><br>Defendant. | ORDER |

**THIS MATTER** is before the Court on Defendant's Motion for Judgment on the Pleadings (Doc. No. 12). For the reasons discussed below, the Court will **GRANT** the motion.

Plaintiff Janice Leatherman first filed this pro se action in the Small Claims division of the General Court of Justice in Caldwell County, North Carolina, from which it was removed to this Court. Doc. No. 1. Although the specific legal grounds for her claims are not described in her brief Small Claims Complaint, Plaintiff's claims arise from allegations that Defendant Belk, Inc. harmed her creditworthiness by furnishing allegedly false information about her credit card account. On December 23, 2020, Belk filed a Motion for Judgment on the Pleadings, arguing that Plaintiff's claims are preempted by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq*. (which does not create a private right of action) and otherwise fails to state a claim upon which relief may be granted. On the same date, the Court *sua sponte* entered an Order informing Plaintiff, in accordance with *Roseboro v. Garrison* 582 F.2d 309 (4th Cir. 1975), that she has a right to respond to Defendant's motion on or before January 8, 2021 and that "failure to respond may result in Defendant being granted the relief it seeks, that is, the dismissal of the Complaint." Doc.

1

No. 14. Almost two months has now passed since that deadline, and Plaintiff has not responded in any manner to Defendant's motion.

Accordingly, the Court will grant Defendant's motion and dismiss this action. First, a complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir.1989); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919 (4th Cir.1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of plaintiff's responsibility in failing to respond;
> (2) the amount of prejudice to the defendant;
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69 (4th Cir.1978). In the present case, Plaintiff is proceeding pro se so she is entirely responsible for her actions. It is solely through Plaintiff's choice, and not any neglect of an attorney, that Plaintiff has not responded to Defendant's motion or the Court's Roseboro Order requiring her to respond. The undersigned thus concludes the Plaintiff has abandoned her lawsuit. No other reasonable sanctions are available. Accordingly, the Court finds this action should be dismissed pursuant to Fed. R. Civ. Proc. 41(b). *See Ward v. Cribb*, No. 4:07-1039-CMC-TER, 2007 WL 2740142, at *2 (D.S.C. Sept. 18, 2007).

Further, Defendant is entitled to dismissal of Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is governed by the standard applicable to a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Burbach Broadcasting Co. of Delaware v. Elkins Radio*, 278 F.3d 401, 405 (4th Cir. 2002). A motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The court, however, "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." *Id*. Construing the facts in this manner, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

Finally, in applying these Rule 12 standards the Court must also consider that Plaintiff is proceeding pro se, which requires the Court to liberally construe the pleadings. *See Erickson v. Pardus*, 551 U.S. 89 (2007). Pro se pleadings are held to a less stringent standard than those drafted by attorneys, and if the Court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. *Estelle v. Gamble*, 429 U.S. 97 (1976), *Hughes v. Rowe*, 449 U.S. 5 (1980). However, a district court may not rewrite a pro se complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Also, the requirement of liberal construction of pro se pleadings does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Iqbal*, 556 U.S. at 678.

3

Case 5:20-cv-00169-KDB-DCK   Document 15   Filed 03/05/21   Page 3 of 5

In the Complaint, Plaintiff seeks an award from Belk in the amount of $5,012.86 for allegedly "[u]sing my Belk card. Identity theft. Harassing bills since 2018. Seeking restitution. Ruined credit." Doc. 1-2. Plaintiff further alleges "Identity theft of Belk of credit card." *Id*. Finally, Plaintiff claims "To obtain restitution of false credit to my account. Harassment. Ruined credit. Mental anguish." *Id.*

Although Plaintiff's claims that are not asserted as FCRA violations, they are nevertheless preempted by the FCRA. Plaintiff's claims attempt to recover monetary damages for Belk's alleged furnishing of "false credit to [Plaintiff's] account" that "Ruined [Plaintiff's] credit." Doc. 1-2 at 2. Thus, they are preempted by the FCRA. *See Purcell v. Bank of America*, 659 F.3d 622-623, 625 (7th Cir. 2011) (FCRA contains broad preemption clause (§1681t(b)(1)(F)) to allow for single consistent scheme of the regulation and enforcement for credit reporting and "does not create a private right of action.").

Also, even if Plaintiff's claims were not preempted by the FCRA, the Complaint fails to identify the statutory or common law basis for any cause of action nor provide any factual allegations which give Defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. 544, 555 (2007). Therefore, those claims fail to state a claim upon which relief may be granted. Accordingly, the Court must dismiss Plaintiff's Complaint.

**ORDER**

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion for Judgment on the Pleadings (Doc. No. 12) is **GRANTED;**

2. Plaintiff's Complaint is Dismissed; and

3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: March 5, 2021

Kenneth D. Bell
United States District Judge